UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOTU T. OSOTONU,<br><br>    Plaintiff,<br><br>  v.<br><br>LICHAU,<br><br>    Defendant. | Case No. 17-cv-03807-MEJ<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at the Napa County Jail, has filed a pro se civil rights action under 42 U.S.C. § 1983. He is granted leave to proceed *in forma pauperis* by separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93

(2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that on March 3, 2017, American Canyon Police Department Officer Linchall used excessive force on him when Officer Linchall approached Plaintiff's car, falsely claimed that Plaintiff smelled of alcohol, and then, violently and without cause, handcuffed Plaintiff, fracturing his wrist. Dkt. No. 1 ("Compl.") at 3. Plaintiff also alleges that he is subject to discrimination, racial profiling, and stereotyping by Officer Lichau and Officers Hunter, Swarte, Synder, and Polter and their crew. Compl. at 4. This claim is duplicative of the claim that Plaintiff has raised in an earlier case filed in this court. *See Osotonu v. Lichau*, No. 17–2437 MEJ (PR).[1] Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance

---

[1] The initial complaint filed in *Osotonu v. Lichau*, No. 17–2437 MEJ (PR) ("*Osotonu I*"), alleged that Officer Lichau used excessive force when arresting Plaintiff and that Officers Lichau, Hunter, Swartz, Synder, and their crew consistently engage in racial profiling and discrimination. *Osotonu 1*, ECF No. 1 (filed Apr. 28, 2017). The complaint was dismissed with leave to amend, and in the amended complaint, Plaintiff's sole cognizable claim was an excessive force claim against Officer Lichau. *Osotonu I*, ECF No. 10 (filed Aug. 23, 2017).

2

of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. California*, 487 F.3d 684, 692–93, 694 (9th Cir.2007) (citation omitted). As Plaintiff's claims are duplicative of claims that he raised in a prior action that is currently pending before this court, the instant action will be dismissed.

**CONCLUSION**

For the foregoing reasons, this case is DISMISSED. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 13, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3